## WILLIAM CUMMINS V. CHARLES HAYDEN ET AL.

In an action on a constable's bond against him and his sureties, parol evidence is not admissible to prove that an execution was issued to him by a Justice of the Peace on a judgment and that it was not returned by him.

Case stated in an action of debt on the official bond of Charles Hayden, a Constable and his sureties. The breach assigned was that Hayden, as constable, had collected the money on an execution issued by a Justice of the Peace on a judgment recovered before him by the plaintiff, placed in his hands for that purpose and had failed to pay it to the plaintiff.

In the statement of the facts of the case it was admitted that no entry appeared on the dockets of the Justice of the Peace of the issuing of any execution on the judgment, that the constable had left the State for parts unknown, and that no such execution was capable of being produced in evidence. It was further admitted, however, that if it was competent in law to prove the issuing of the execution by parol evidence, it was capable of being proved; and the question of law was whether such evidence was admissible to prove that fact.

*Comegys*, for the plaintiff, contended that the loss of an execution, like that of any other record, or paper, being established, it was competent to prove by parol evidence, the previous existence and contents of it, and that the fact that the Justice of the Peace had omitted to note, or to make any entry upon his docket of the issuing of it, should not preclude parol proof of the fact that it was issued by him.

*Smithers*, for the defendants, contended that as the provision of the statute on the subject, *Revised Code*, 348, made it the duty of the Justice of the Peace to enter in his execution docket every such writ issued by him, the

date thereof and the day when returnable, such an entry was not merely the best, but was the only legal evidence of the fact that the execution was issued, inasmuch as it was to be presumed that that officer had performed his duty in the matter, and if no such writ appeared by his docket to have been issued, to admit the evidence proposed, would not only violate that presumption, but would be to impeach and contradict the record by parol evidence; for if the record did not show it, it could not be shown in any other manner, without contradicting it. Parol evidence was therefore inadmissible to prove that such an execution was in fact issued.   30 *Maine Rep.* 152.

*Comegys,* replied.

*By the Court:* There was no doubt that if it appeared by the record required in such a case, that such an execution as was referred to had been issued on the judgment by the Justice of the Peace, it would be competent to prove by parol evidence that it came to the hands of the constable, that he had collected the money upon it and had failed to return it, or that it had been lost or destroyed and could not be produced. But that was not the question merely which was presented in the case. For the question before the court was whether such evidence was admissible to prove the fact that an execution was issued on the judgment by the Justice of the Peace in the alleged case, the record or docket of that officer containing no note, or entry of it whatever, as well as its contents and the receipt of the money upon it by the constable, after proving its loss and that it could not be produced. The existence and loss of a record or paper being first established by proper proof, parol evidence of its contents is admissible from necessity, and had the whole record in the case been lost or destroyed, it might have presented a very different question for the consideration and decision of the court. But they had before them what purported on its face to be the entire record and docket entries in

the case so far as the Justice of the Peace had proceeded in it. By the law it was made his duty to enter on the record of it, the issuing of the execution, the date and return of it, and, if any was issued it ought to show it; but it shows the reverse, and to prove it by parol proof, would be by parol proof to contradict it. The action in the case before them was not against the Justice for an omission of duty on his part by the party injured by it; but it was an action founded on an alleged issuing of the execution against the constable and his sureties. We think it would constitute a dangerous precedent to admit parol evidence of such an allegation in such a case, and we must therefore hold it to be inadmissible.